IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


RICHARD PATTON                                                              PLAINTIFF

v.                                    Civil No.: 6:18-CV-06121

PHILLIP GLOVER, WALTER WHITE and                                    DEFENDANTS
ARKANSAS COMMUNITY CORRECTION


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any Complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

Plaintiff filed his Complaint on December 3, 2018. (ECF No. 1). Plaintiff alleges his constitutional rights were violated while he was serving a one hundred and eighty (180) day sanction sentence in the Arkansas Community Correction (ACC) Omega Supervision Sanction Center. (*Id*. at 4). He alleges Defendant Glover and Defendant White intentionally submitted false documentation and statements to the Arkansas Parole Board recommending his parole be revoked. Based on these false representations, Plaintiff was arrested and imprisoned. (*Id*. at 5-7). Plaintiff

alleges he was denied the right to be represented by counsel[1] at the parole revocation hearing, and therefore his evidence was disregarded. (*Id*. at 5-6). Instead, the Parole Board relied upon the false evidence and statements. As a result, Plaintiff's parole was revoked. (*Id*. at 5-7). He is currently incarcerated in the Arkansas Department of Correction North Central Unit. (*Id*. at 2). Plaintiff further alleges "the Arkansas Parole Board was used as a weapon in a hate crime committed against me for filing a complaint about a threat made to me from members of the Aryan Brotherhood." (*Id*. at 6). Plaintiff provided copies of ACC Complaint and Grievance Forms concerning the Aryan Brotherhood threat and his concerns with his parole revocation hearing. (*Id*. at 21-42).

Plaintiff proceeds against all Defendants in their official and personal capacity. (*Id*. 5-7). He seeks punitive damages, to have his parole revocation overturned, and to resume parole supervision. (*Id*. at 17).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

---

[1] "The Sixth Amendment right to counsel applies only in a criminal prosecution, and a revocation hearing is an entirely different type of proceeding." *U.S. v. Owen*, 854 F.3d 536, 541 (8th Cir. 2017) (citing *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)).

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted

sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less

stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537,

541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff

must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337

(8th Cir. 1985).

### III.   ANALYSIS

#### A.   Arkansas Community Correction

Plaintiff's claims against the ACC are subject to dismissal.  States and state agencies are

not "persons" subject to suit under § 1983.  *Howlett v. Rose,* 496 U.S. 356 (1990)*; Will v. Mich.*

*Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008).

#### B.   Official Capacity Claims

Plaintiff's official capacity claims against Defendants Glover and White are subject to

dismissal.  An official capacity claim against an ACC employee is essentially a claim against the

State of Arkansas.  "The Eleventh Amendment bars suits against a State by citizens of that same

State in federal court." *Williams v. Missouri,* 973 F.2d 599, 599-600 (8th Cir. 1992) *(citing*

*Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "This bar exists whether the relief sought is legal or

equitable." *Id.* (*quoting Papasan*, 478 U.S. at 276).  "Congress did not abrogate constitutional

sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948

F.2d 489, 493 (8th Cir. 1991) (*citing Quern v. Jordan,* 440 U.S. 332, 342(1979)).  The State of

Arkansas and its agencies have not consented to suit in federal court.

#### C.   Parole Revocation

Plaintiff's claims against Defendants Glover and White challenge his arrest and parole

revocation.  Additionally, Plaintiff seeks as relief an order overturning his parole revocation and

returning him to supervision. With these allegations, Plaintiff is clearly attempting to challenge his arrest and parole revocation. His claims are therefore barred by the *Heck* doctrine. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486–87. Plaintiff specifically seeks relief from his arrest, parole revocation, and subsequent incarceration. Plaintiff has not, however, made any allegations that his parole revocation and incarceration have been overturned or otherwise favorably terminated. A § 1983 claim that would necessarily imply the invalidity of his confinement is premature if the confinement is not first called into question by the appropriate state or federal remedy. *Id*.; *see also Newmy v. Johnson*, 758 F.3d 1008 (8th Cir. 2014) (holding that *Heck* applies to section 1983 challenges to parole revocations regardless if the plaintiff remains incarcerated); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (the plaintiff's section 1983 claim for denial of parole was dismissed because the plaintiff did not first challenge his continued confinement through the appropriate state or federal remedies). Thus, Plaintiff's claims related to his parole revocation are barred by the *Heck* doctrine.

### D. First Amendment Retaliation

Plaintiff's claim that Defendants Glover and White made false representations to the Parole Board is not itself actionable. However, his allegation that they did so in retaliation for his filing a complaint or grievance about a threat made to him by the Aryan Brotherhood in the ACC states a cognizable personal capacity claim under § 1983. *See Nei v. Dooley,* 372 F.3d 1003, 1007 (8th

4

Cir. 2004) (per curiam) (retaliatory conduct against the exercise of a constitutionally protected right is actionable, even if the conduct itself is not unconstitutional and the conduct would be proper if motivated by non-retaliatory reason); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (The filing of a false disciplinary charge against an inmate is not actionable under § 1983 unless it filed in retaliation for the inmate's exercise of a constitutional right.).

## IV.  CONCLUSION

Accordingly, I recommend that Plaintiff's personal capacity claim for First Amendment retaliation against Defendant Glover and White remain further consideration.  I further recommend that Plaintiff's remaining claims be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **8th day of March 2019**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE