IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


RICHARD PATTON                                                           PLAINTIFF


V.                                    CIVIL NO. 6:18-cv-06121


PHILLIP GLOVER, WALTER WHITE and
ARKANSAS COMMUNITY CORRECTION                          DEFENDANTS

## ORDER

The Court has received a Report and Recommendation (ECF No. 8) from United States

Magistrate Judge Barry A. Bryant.  Plaintiff has filed objections.  Plaintiff, proceeding *pro se* and

*in forma pauperis*, provisionally filed the instant civil rights action pursuant to 42 U.S.C. § 1983

against Defendant Arkansas Community Correction (ACC) Omega Supervision Sanction Center

and Defendants Phillip Glover and Walter White in their official and individual capacities as

employees of ACC (ECF No. 1.)  This matter is ripe for review.

Plaintiff alleges his federal constitutional rights were violated when Defendants Glover

and White purposely submitted false statements and documents to state officials directly causing

the wrongful revocation of Plaintiff's parole (*Id*. at 4-6).  Plaintiff complains further that he was

denied the right to counsel and the right to have evidence in support of his defense presented to

the parole board for consideration at the hearing.  *Id.*  Plaintiff alleges that the parole revocation

proceedings were brought against him in retaliation for filing a complaint about a threat he

received from members of the Aryan Brotherhood.  According to Plaintiff, "The Arkansas Parole

Board was used as a weapon in a hate crime…" (*Id*. at 6.)   Based on Defendants' false

representations, Plaintiff challenges the constitutionality of the parole revocation that caused him

1

to be arrested and imprisoned for one hundred eighty (180) days (*Id.*)  Plaintiff seeks damages and reversal of the revocation of his parole.  Plaintiff asks to be returned to supervised release. *Id.* at 17.

The Magistrate makes four recommendations.  First, it is recommended that Plaintiff's claims against the ACC be dismissed, because States and state agencies are not "persons" subject to suit under §1983.  *Howlett v. Rose*, 496, U.S. 356 (1990); *Will v. Mich. Dept. of State Police*, 490 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008).  Second, it is recommended that Plaintiff's official capacity claims against Defendants Glover and White be dismissed, because an official capacity claim against an ACC employee is essentially a claim against the State of Arkansas, and "[t]he Eleventh Amendment bars suits against a State by citizens of that same State in federal court."  *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Circ. 1992) (*citing Papasan v. Allain*, 478 U.S. 265, 276 (1986)).  With regard to Plaintiff's request for an order reversing the parole revocation and returning him to supervised release, the Magistrate cites *Heck v. Humphrey*, 512 U.S. 477 (1994), and recommends that Plaintiff's claim for this type of relief be dismissed without prejudice because "Plaintiff has not …made any allegations that his parole revocation and incarceration have been overturned or otherwise favorably terminated."  (Report & Recommendations 4, ECF No. 8.)  Finally, the Magistrate recommends that Plaintiff's claim of retaliation against Defendants Glover and White be allowed to proceed, because a disciplinary charge against a prisoner is actionable under section 1983 if done in retaliation for exercising protected speech activities.  *See Rouse v. Benson*, 193 F.3d 936, 939 (8th Cir. 1999).

The Court has conducted a *de novo* review of those portions of the report and recommendation to which Plaintiff has objected.  28 U.S.C. 636(b)(1).  Plaintiff's objections offer neither law nor fact requiring departure from the Magistrate's findings.  The Report and Recommendation is proper, contains no clear

error, and is ADOPTED IN ITS ENTIRETY.

IT IS THEREFORE ORDERED that Plaintiff's personal capacity claim against Defendants Glover and White for First Amendment retaliation shall remain with the Court for further consideration. IT IS FURTHER ORDERED that Plaintiff's other claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 19th day of March 2019.

*/s/Robert T. Dawson*
ROBERT T. DAWSON
SENIOR U.S. DISTRICT JUDGE