IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RICHARD R. PATTON                                                                                    PLAINTIFF

v.                                            Civil No. 6:18-CV-06121

PHILLIP GLOVER and WALTER WHITE                                                    DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendants' Motion to Dismiss. (ECF No. 15).

**I. BACKGROUND**

Plaintiff filed his Complaint on December 3, 2018. (ECF No. 1). Plaintiff alleges his constitutional rights were violated while he was serving a one hundred and eighty (180) day sanction sentence in the Arkansas Community Correction (ACC) Omega Supervision Sanction Center. (*Id*. at 4). He alleges Defendant Glover and Defendant White intentionally submitted false documentation and statements to the Arkansas Parole Board recommending his parole be revoked. Plaintiff alleges he was denied the right to be represented by counsel at the parole revocation hearing [1], and therefore his evidence was disregarded. (*Id*. at 5-6). Instead, the Parole Board relied

---

[1] "The Sixth Amendment right to counsel applies only in a criminal prosecution, and a revocation hearing is an entirely different type of proceeding." *U.S. v. Owen*, 854 F.3d 536, 541 (8th Cir. 2017) (citing *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)).

1

upon the false evidence and statements. As a result, Plaintiff's parole was revoked. (*Id*. at 5-7). He is currently incarcerated in the Arkansas Department of Correction North Central Unit. (*Id*. at 2). Plaintiff further alleges "the Arkansas Parole Board was used as a weapon in a hate crime committed against me for filing a complaint about a threat made to me from members of the Aryan Brotherhood." (*Id*. at 6). Plaintiff provided copies of ACC Complaint and Grievance Forms concerning the Aryan Brotherhood threat and his concerns with his parole revocation hearing. (*Id*. at 21-42).

Plaintiff proceeds against the Defendants in their official and personal capacity. (*Id*. 5-7). He seeks punitive damages, to have his parole revocation overturned, and to resume parole supervision. (*Id*. at 17).

Most of Plaintiff's claims were dismissed at PLRA preservice screening. (ECF No's. 8, 10). Plaintiff's allegation that Defendant Glover and White made false claims to the Parole Board in retaliation for his filing a complaint or grievance about a threat made to him by the Aryan Brotherhood in the ACC stated a cognizable personal capacity claim under § 1983 and remained for further consideration. (*Id*.).

Defendants filed their Motion to Dismiss on April 4, 2019. (ECF No. 18). Plaintiff filed his Response on April 10, 2019. (ECF No. 17). Defendants filed a Reply on April 12, 2019. (ECF No. 18).

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009)

(quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004). The Court will consider the attachments to Plaintiff's original Complaint as part of his allegations for purposes of its analysis pursuant to Rule 12(b)(6).

### III. ANALYSIS

Defendants argue Plaintiff's claims against them should be dismissed because Plaintiff can present no set of facts which indicate that his parole revocation would not have occurred but for the alleged false statements by Defendants to the Parole Board. (ECF No's. 15 at 1; 18 at 1).

Plaintiff argues his claims should remain because the allegedly false accusations were submitted by Defendants to enhance his violation report, and therefore "did play a factor in my revocation process." (ECF No. 17 at 3-4). Specifically, Plaintiff argues that Defendant submitted a statement to the Parole Board stating that on August 21, 2018, he was disciplined for threatening to "kick the ass" of all kitchen workers because they would not give them bigger portions of food. (*Id*. at 4). He points out that Defendants claimed in grievance responses that they had no knowledge of how that allegation was made a part of the violation report and claimed they had made a correction prior to his hearing. (*Id*.). Plaintiff alleges they added this to his violation report in retaliation for filing a complaint about a threat he received from the Aryan Brotherhood. (*Id*. at 1). Plaintiff points to the language of the revocation report included in Defendants' Motion to Dismiss in support of his argument. (*Id*. at 3).

In their Reply, Defendants argue that even if one assumes *arguendo* that the allegedly false statements by Defendant were a factor in the Parole Board's decision to revoke Plaintiff's parole,

3

Plaintiff's claim must still fail as a matter of law. (ECF No. 18 at 1). Specifically, they note that Plaintiff's violation report included several violations, including one from the SAPL teacher, who is not a party in the case. (*Id*. at 1-2).

Defendants are correct. "To prevail on a § 1983 claim for retaliation in violation of the First Amendment, [a Plaintiff] must demonstrate (1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity.*"* *Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013) (citing *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)). As the Eighth Circuit has clearly stated:

> A prisoner has a cause of action when the prisoner alleges that prison officials filed disciplinary charges based upon false allegations against the prisoner in retaliation for the prisoner's participation in grievances against prison officials." *Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir.1994). "However, claims of retaliation fail if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule." *Hartsfield v. Nichols,* 511 F.3d 826, 829 (8th Cir.2008). "Thus, a defendant may successfully defend a retaliatory discipline claim by showing 'some evidence' the inmate actually committed a rule violation." *Id.* Under this standard, "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decision maker." *Id.* at 831.

*Santiago*, 707 F.3d at 993.

An October 3, 2018, revocation report includes language that Plaintiff had threatened kitchen workers for failing to give him bigger portions of food.[2] (ECF No. 1 at 37). The final, corrected, version of Plaintiff's parole violation report, dated October 15, 2018, states:

---

[2] Defendants referenced this report in their Motion to Dismiss instead of the corrected version.

4

> CORRECTION TO FACTS OF VIOLATION ON VIOLATION REPORT DATED 10/3/2018:
>
> On 8/8/2018 Patton refused to participate in the program and was taken to segregation where he threatened to fight anyone placed in a cell with him. He was found guilty of refusing staff orders, and threatening/intimidating non-staff members on 8/13/18 and sanctioned to loss of privileges.
>
> On 8/8/18 Patton refused orders to leave his cell to go to his intake dental screening. He was found guilty of refusing staff orders on 8/13/18 and sanctioned to loss of privileges for 15 days.
>
> On 8/21/18 Patton submitted a statement to the Shift Supervisor on duty, alleging that he had received threats from the Aryan Brotherhood and that they were giving him less that the standard portion of food that is required by policy. No evidence was found on camera footage or by witness statements taken that Patton's allegations were true. He was found guilty of submitting false official statements on 8/29/18 and sanctioned to reduction to class IV, 30 days disciplinary detention, and recommended for transfer to ADC.
>
> On 9/14/18, Patton was in Substance Abuse class and walked out of the classroom without permission. The SAPL teaching the class asked Patton where he was going. Patton said he was going to lay down and was not going to do this anymore. The SAPL asked if he was saying that he doesn't want to do the program anymore. Patton said yes, he's not going to do anything to anyone. The SAPL told CO I Cessor that Patton had walked to the double door on the North side and he doesn't want to do the program anymore. He was found guilty of refusing staff orders on 9/21/18 and sanctioned to reduction to class IV, 30 days disciplinary detention, and recommended for transfer to ADC.

(ECF No. 1 at 39) (spacing inserted between paragraphs). Plaintiff's parole revocation hearing was held on October 17, 2018. (ECF No. 1 at 40). On November 8, 2018, the Parole Board affirmed the decision of the hearing judge to revoke Plaintiff's parole. (ECF No. 1 at 42).

Taking the factual allegations of Plaintiff's Complaint (including it's attachments) as true, the parole revocation was not based on an accusation that he was disciplined for threatening to "kick the ass" of all kitchen workers because they would not give them bigger portions of food. Instead, his revocation was based on a total of four disciplinary convictions, two of which recommended his transfer to the ADC. If the August 21, 2018, incident is completely removed

5

from the revocation report, Plaintiff's parole revocation is then based on three disciplinary convictions, one of which recommends his transfer to the ADC. Further, the decision to revoke his parole was affirmed on a Parole Board appeal. Thus, there is "some evidence" that Plaintiff's revocation was based on several actual rule violations and the decision to revoke was made by an impartial Parole Board. Plaintiff's claim of retaliation therefore fails as a matter of law.

## IV. CONCLUSION

Accordingly, I recommend that Defendants' Motion to Dismiss (ECF No. 15) be GRANTED and Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **18th day of December 2019**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE